## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 15 |
| | : | |
| TOSHIBA SAMSUNG STORAGE TECHNOLOGY KOREA CORPORATION, | : : | Case No. 16-11602 (CSS) |
| | : | |
| Debtor in a Foreign Proceeding. | : | |
| ———————————————— | : | |
| DELL INC. and DELL PRODUCTS, L.P., | : | |
| Appellants, | : : | |
| v. | : : | C. A. No. 16-670-LPS<br>Bankruptcy Case No. 16-11602 (CSS) |
| TOSHIBA SAMSUNG STORAGE TECHNOLOGY KOREA CORPORATION, | : : | BAP   No. 16-39 |
| Appellee. | : | |
| ———————————————— | : | |
| DELL INC. and DELL PRODUCTS, L.P., | : | |
| Appellants, | : : | |
| v. | : : | C. A. No. 16-671-LPS<br>Bankruptcy Case No. 16-11602 (CSS) |
| TOSHIBA SAMSUNG STORAGE TECHNOLOGY KOREA CORPORATION, | : : | BAP   No. 16-40 |
| Appellee. | : | |
| ———————————————— | : | |

## **RECOMMENDATION**

At Wilmington this **29th** day of **August, 2016**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated

September 11, 2012, a teleconference were held on for an initial review and discussion with counsel to determine the appropriateness of mediation in this matter;

WHEREAS, as a result of the above screening process, the issues involved in this case are not amenable to mediation and mediation at this stage would not be a productive exercise, a worthwhile use of judicial resources nor warrant the expense of the process.

The parties disagree on whether this matter should be mediated. During the teleconference of August 25, 2016, the court listened and reviewed both sides arguments regarding mediation. However, in light of a number of factors, including but not limited to that these matters are just two of three to four other cases, plus a class action case. Also the debtor is a foreign Korean entity (TSST-K) with limited funds and is required to obtain approval from the Korean banks to spend any money related to these matters, including for settlement. Although appellants and their counsel are the designated representatives for the individual plaintiffs in these and the other actions, they are not for the class action plaintiffs: they do not have the ability to bind the class action plaintiffs. Further, there is a serious conflict regarding discovery.[1]

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), these matters be withdrawn from the mandatory referral for mediation and proceed through the appellate process of this Court. The parties

---

[1] Apparently, agreement was reached that certain depositions would proceed, but this agreement occurred prior to TSST-K filing bankruptcy. It appears that appellants desire certain discovery before mediation and also wish for mediation to occur within the next couple of months.

were advised of their right to file objections to this Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(a) and D. DEL. LR 72.1.  If any objections are filed, they shall be done within **five (5) days** of this Recommendation and are limited to **two (2) pages**. The objections may be done in letter format and captioned and docketed as "Objections to the Recommendation dated [date]."  Any response shall be due within **five (5) days** of the objections and are limited to **two (2) pages**.  The response to the objections may be in letter format and captioned and docketed as "Response to Objections to the Recommendation dated [date]."

      Local counsel are obligated to inform out-of-state counsel of this Order.

      /s/ Mary Pat Thynge  
      Chief U.S. Magistrate Judge Mary Pat Thynge